**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**COVINGTON**

**CRIMINAL ACTION NO. 25-52-DLB-CJS**

**UNITED STATES OF AMERICA**                                         **PLAINTIFF**


**V.**          **UNITED STATES'S SENTENCING MEMORANDUM**


**ROBERT LUKE DIVINE**                                         **DEFENDANT**

**\*   \*   \*   \*   \***

Pursuant to the Court's order [R. 21: Order], the United States submits the following Sentencing Memorandum.  As set forth more fully below, the advisory Guideline range[1] has been properly calculated and a sentence of 240 months is sufficient but not greater than necessary to achieve the statutory goals of sentencing.

I.    Factual Background and Procedural History

On January 15, 2025, the Boone County Sheriff's Office conducted a sting operation that involved posting an ad on websites for individuals interested in having sex with a woman and her 14-year-old daughter.  The Defendant responded to the ad and texted with an undercover officer to arrange a meeting; he showed up and was arrested. The Defendant was advised of his rights, agreed to be interviewed, and admitted coming to the hotel to have sex with a woman and her minor daughter; he also admitted that he had child pornography on his phone.  The Defendant's devices – two cell phones and an

---

[1] The Guideline range for Count 1 is 235–293 months; the range for Count 3 is 235–240 months.

iPad – were searched, and his iPad was replete with child pornography, including evidence that he traded with other individuals on Telegram and Teleguard.  The Defendant was charged with attempted coercion/enticement, as well as possession, receipt, and distribution of child pornography.

II.    Unresolved Objections to the Presentence Investigation Report (PSR)

There are no unresolved objections to the PSR.

III.   Recommended Sentence

When imposing a sentence in this case, and any other criminal case, the Court must select a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of [section 3553(a)(2)]." 18 U.S.C. § 3553(a).  In doing so, the Court must consider the following, non-exhaustive factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed training, care, or treatment; (3) the guideline range; and (4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.  *See* 18 U.S.C. § 3553(a).

A sentence of 240 months would satisfy the foregoing factors.  The Defendant's life has been full of challenges: mental health issues, alcohol/substance abuse, and most recently, pornography.  But he hasn't had to face those challenges alone; he's had unwavering support from his family and opportunities for a range of treatment.  Like

most defendants convicted of child pornography offenses, the Defendant has no criminal history and is a category I, having avoided prosecution for a potential DUI in 2022 by entering a residential treatment program.[2]  He squandered that opportunity by smuggling a phone into the facility that he used to view pornography, and he committed the instant offenses after successfully completing a 9-month, faith-based program for sex-based addiction.

The Defendant was a consumer and purveyor of child pornography and took affirmative steps toward becoming a hands-on offender.  A sentence within the Guidelines – of 240 months – would adequately reflect the alarming nature/circumstances (and seriousness) of his offenses and is necessary to protect the public and afford some measure of deterrence to the Defendant and others who may be inclined to commit similar offenses.

Respectfully submitted,

JASON D. PARMAN
FIRST ASSISTANT UNITED STATES ATTORNEY

By:  /s/ Elaine K. Leonhard
     Assistant United States Attorney
     207 Grandview Drive, Suite 400
     Ft. Mitchell, Kentucky 41017
     (859) 652-7035
     Elaine.K.Leonhard@usdoj.gov

---

[2] *See* U.S. Sentencing Commission's Quick Facts on Child Pornography Offenses available at
https://www.ussc.gov/sites/default/files/pdf/research-and-publications/quick-facts/Child_Pornography_FY24.pdf

## CERTIFICATE OF SERVICE

On May 1, 2026, I electronically filed the foregoing using the CM/ECF system, which will automatically send a notice of electronic filing to all counsel of record.

/s/ Elaine K. Leonhard
Assistant United States Attorney