UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at COVINGTON

CRIMINAL CASE NO. 2:25-CR-00052-DLB-CJS

UNITED STATES OF AMERICA                                        PLAINTIFF

VS.

ROBERT LUKE DIVINE                                             DEFENDANT

SENTENCING MEMORANDUM

Comes now the Defendant, **ROBERT LUKE DIVINE**, by and through counsel, and submits the following for his Sentencing Memorandum:

I.    INTRODUCTION AND APPLICABLE GUIDELINES

Mr. Divine pleaded guilty to Count 1 of the Indictment charging him with a violation of 18 U.S.C. §2422(b), Enticement of a Minor to Engage in Sexual Activity and Count 3 charging him with a violation of 18 U.S.C §2252(a)(2), Distribution of Child Pornography. Mr. Divine's guideline range is 235 – 240; and, on Count 1 there is a minimum term of 10 years imprisonment.

Mr. Divine respectfully requests this Court for a downward variance based upon the application of the 18 USC §3553 sentencing factors discussed herein. Further, this request is made in light of the fact that Mr. Divine's guideline calculations include a 2 level enhancement on Count 1 for use of a computer pursuant to USSG 2G1.3(b)(3) and a similar enhancement on Count 3 for use of a computer pursuant to USSG 2G2.2(b)(6). Computers are a part of everyday life and realistically speaking, all child pornography offenses use a computer. Mr. Divine's guideline range is raised 4 levels by the sheer fact that he used a computer in the commission of

these offenses. This 4 level enhancement is inequitable based upon the 18 USC §3553 sentencing factors.

With respect to the payment of restitution, Mr. Divine requests this Court impose the statutory minimum for each of the 7 victims who submitted requests through the United States, for a total of $21,000.00 in restitution. During the pendency of this action, Mr. Divine sold his car and received $16,000.00 in sale proceeds. Said amount will be paid toward restitution on the day of sentencing.

## II.   UNRESOLVED OBJECTIONS

There are no unresolved objections.

## III.   SENTENCING FACTORS

The Sentencing Guidelines are the "starting point and the initial benchmark. The Guidelines are not the only consideration, however". *Gall v. United States*, 552 U.S. 38, 49 (2007). In conjunction with the Sentencing Guidelines, the Court must consider the factors set forth in 18 USC §3553(a) "to determine whether they support the sentence requested by a party. In so doing, the Court may not presume the Guideline range is reasonable and must make an individualized assessment based on the facts presented." *Id*. at 49 – 50. The process for the Court to employ in determining a sentence for a defendant is to "properly calculate the guidelines range, treat the guidelines as advisory, consider the §3553(a) factors and adequately explain the chosen sentence. *United States v. Grossman*, 513 F.3d 592, 596 - 597 (6ᵗʰ Cir. 2008). The relevant 18 U.S.C. §3553 sentencing factors are discussed separately below.

### A. Nature and Circumstance of the Offense

The nature and circumstance of the offenses herein are accurately reflected in the PSR. Mr. Divine appreciates the seriousness of the offenses to which he pleaded guilty and accepts

responsibility for his actions as well as the harm he caused the victims in the images he possessed and distributed.

Mr. Divine cooperated with law enforcement upon his arrest by admitting to the commission of the offenses and consenting to the search of his vehicle and his electronic devices.

## B. History and Characteristics of the Defendant

Mr. Divine's struggles in life started in utero when his birth mother attempted to abort him by taking methotrexate and drinking heavily during her pregnancy. His birth mother's decision to drink alcohol and to try to abort him, has greatly impacted Mr. Divine both physically and mentally. His growth was stunted, resulting in his small stature of 5'2" and weight of 150 pounds and he suffered other impediments such as issues with his speech. As a result of these issues, Mr. Divine struggled socially finding it difficult to make friends thereby resulting in feelings of depression and hopelessness.

Mr. Divine has struggled with addiction the majority of his life, arguably in an attempt to self-medicate his depression. He started using alcohol and marijuana at age 13, and progressed to using methamphetamine at age 18. He completed substance abuse treatment on 2 separate occasions. An addiction to pornography is just as real and debilitating as an addiction to alcohol and drugs and Mr. Divine's electronic devices were replete with adult pornography as well as child pornography. It is arguable that his use of pornography likely was a means to self-medicate his feelings of depression and hopelessness. Mr. Divine completed a 9 month faith based residential program to address is addiction to pornography, Pure Life Ministries.

Without his family, it would seem unlikely that Mr. Divine would have survived the trials and tribulations he faced. It is clear from the letters written for the Court and attached hereto, that

Mr. Divine was raised by immensely loving and faithful parents. It is clear that his parents did everything in their power to get Mr. Divine the help and treatment he needed and never turned their back to him. It is also clear that Mr. Divine is kind, respectful, engaging, smart, and likeable.

While in custody, Mr. Divine has worked to better himself. Mr. Divine completed the Life Skills Course. The instructor of that program wrote a quick note, attached hereto, describing Mr. Divine as a "very positive student", having a good attitude, and being a "positive role model to the other students in the class". Said comments reiterate the sentiments expressed to the Court by Mr. Divine's family and friends. Mr. Divine is a voracious reader and focuses his reading on faith based books, a list of the book he has read is attached to his letter to the Court. Mr. Divine has an amazing relationship with God and while in the Boone County Detention Center, prior to being indicted federally, he started his own Bible study group. Mr. Divine sees this case and his sentence as part of God's plan for him and believes good will come from this process. Mr. Divine saw his Bible study group as some of the good that he can do for others.

While incarcerated, Mr. Divine intends on completing RDAP and the residential sex offender treatment knowing he will not get credit toward his sentence but knowing he needs both programs. Mr. Divine also plans on getting training in welding while incarcerated.

## C. The Need to Avoid Unwarranted Sentencing Disparities

A downward variance and a sentence within the guideline range of 151 – 188 months does not result in a sentence disparity. According to the United States Sentencing Commission Statistical Information Packet for the Sixth Circuit Fiscal Year 2025, the National mean months sentence for child pornography conviction is 119 and the median months is 97. The mean months sentence for Sixth Circuit is 129 and the median is 120. See Exhibit 1 attached.

Further, a downward variance in this case will not result in a sentencing disparity. Based upon the same report of the Sentencing Commission, a non-governmental downward variance was given in 1,167 cases out 4,298 total cases in the 6th Circuit. See Exhibit 2 attached.

**D. Provide just punishment, afford adequate deterrence, and protect the public**

A downward variance and sentence within the guideline range of 151 – 188 months is a substantial amount of time in prison. Said guideline range provides just punishment for Mr. Divine's actions in this case. Additionally, a sentence within said guideline provides sufficient punishment and protection of the public.

This is Mr. Divine's first conviction for a criminal offense. The statutory minimum sentence of 10 years for the conviction on Count 1 alone would provide adequate deterrence for Mr. Divine. As stated above, Mr. Divine intends on participating in treatment programs while incarcerated so as to help ensure he does not reoffend and to provide protection of the community upon his release. Upon release from incarceration, Mr. Divine will be placed on supervised release and have strict rules to follow. This is an added form of protection for the community and will help to ensure Mr. Divine does not reoffend.

## IV.    CONCLUSION

Based upon the reasons set forth herein, Mr. Divine respectfully requests the Court for a downward variance to an offense level of 34 and a guideline range of 151 – 188 moths. Said variance is based upon the facts set forth herein and Exhibits attached and takes into consideration the two 2 level enhancements for the use of a computer, something everyone uses on a daily basis and is likely used in every child pornography case.

Mr. Divine requests the Court give him credit for all the time he has spent in custody since his arrest on January 15, 2025.

Mr. Divine requests the Court recommend that he complete RDAP and the residential sex offender treatment program. Mr. Divine requests the Court designate him to FCI Elkton assuming the residential sex offender program is still offered at said institution.

Respectfully Submitted,

/s/Stefanie L. Durstock
HON. STEFANIE L. DURSTOCK
Attorney for the Defendant
2216 Dixie Highway, Suite 202
Ft. Mitchell, Kentucky 41017
859.581.3030
859.581.5444 facsimile
stefaniedurstock@gmail.com

## CERTIFICATION

I hereby certify that I electronically filed the foregoing Motion with the Clerk of Court through the CM/ECF filing system and that copy will be tendered electronically through said system to all counsel of record on the 1ˢᵗ day of May, 2026.

/s/Stefanie L. Durstock
HON. STEFANIE L. DURSTOCK